UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LISA BATISTE-SWILLEY

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-443-JWD-EWD

**<u>RULING AND ORDER ON MOTIONS TO STAY DISCOVERY</u>**

Before the court are: (1) Motion to Stay Discovery[1] filed by defendants, Sheriff Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"); AIX Group, d/b/a/ NOVA Casualty Company ("NOVA"); and the individually named deputies of the East Baton Rouge Sheriff's Office (collectively as the "EBRSO Defendants");[2] and (2) Motion to Stay Discovery[3] filed by defendants, Jason Ard, the Sheriff of Livingston Parish ("Sheriff Ard"), and the individually named officers of the Livingston Parish Sheriff's Office (collectively, the "LPSO Defendants").[4] Both Motions to Stay Discovery are opposed by Plaintiff,[5] and the EBRSO Defendants and the LPSO Defendants have each filed a

---

[1] R. Doc. 64.

[2] The EBRSO Deputies are Gregory Dale Dicharry, Anthony Ponton, Jeffrey Sabella, Troy Banks, Kenneth Tiner, Robert Stone, Steve Young, Gregory Warren, Jason DeMoulin, Kenneth Huber, Roderick Brown, Mark Pursley, Blair Nicholson, James Cooper, Willie Stewart, Todd Martin, Evelena Banks, Shannon Broussard, Calvin Pruter, David Eric, Harry Howard, William Jenkins, Michael Allison, David Philpot, Anthony Smith, John DePedro, Dustin Sellers, Thomas Weimer, William Lawhun, Marshall Menou, Nicholas Schiro, Matthew Wolfe, James Broussard, Jason Ransome, Jared Wilson, James Jamison, Benjamin Friedman, Brandon McCall, Casey Lillie, Jesse Hale, Raymond Klug, and Troy Mims.

[3] R. Doc. 65.

[4] The LPSO individual officer defendants are Alden Thomasson, Denny Perkins, Donnie Robinson, Lance Landry, Brandon Ashford, Jason Harris, Chad McGovern, Calvin Bowden, Frank Rizzuto, Tom Martin, Travis Harris, Jonathan Crozier, Cory Winburn, Mia Terrell, Jeff Beatty, Jeremy McCullen, Tim Ard, Eric Rogers, Kyle Hotard, Carl Childers, David Everhart, Jacob Bourgeois, T.J. Morgan, Trey Roberts, Brandon Tullos, Dustin Brown, Dustin Covington, Jeremy Patt, and Richard Hagan.

[5] R. Doc. 83.

1

Reply.[6] For the reasons set forth herein, both Motions to Stay Discovery[7] are **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiffs and the non-moving defendants (*i.e.*, parties other than EBRSO and LPSO Defendants), is STAYED pending resolution of the issues raised in the Motions to Dismiss.[8]

### I. Background

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 8-10, 2016. Plaintiff, Lisa Batiste-Swilley ("Plaintiff"), alleges that during a peaceful protest on July 10, 2016, she and members of her family invited protestors onto the lawn of her property and that "scores, perhaps hundreds, of law enforcement officers surrounded [Plaintiff's] property and invaded the front porch and yard from all angles while they executed numerous illegal and unconstitutional arrests of [Plaintiff's] guests."[9] Plaintiff asserts claims of civil conspiracy to violate Plaintiff's civil rights pursuant to 42 U.S.C. § 1983[10] and 42 U.S.C. § 1985;[11] claims pursuant to 42 U.S.C. § 1983 for entry on private property without a warrant or probable cause,[12] "quartering militarized officers in violation of the Third and Fourteenth Amendments,"[13] retaliatory invasion of property in violation of the

---

[6] R. Doc. 90 (EBRSO Reply); R. Doc. 97 (LPSO Reply).

[7] R. Docs. 64 & 65.

[8] R. Docs. 62 & 68.

[9] R. Doc. 1, ¶ 6.

[10] R. Doc. 1, ¶¶ 380-388.

[11] R. Doc. 1, ¶¶ 389-398.

[12] R. Doc. 1, ¶¶ 399-405.

[13] R. Doc. 1, ¶¶ 406-418.

First Amendment,[14] and failure to intervene.[15] Plaintiff also asserts a *Monell* claim against all defendants sued in their official capacities based on the alleged development and maintenance of "policies, practices, procedures, customs, and usages…which caused the violation of Plaintiff's rights…"[16] and supplemental state law claims for civil conspiracy,[17] violations of the right to property and assembly,[18] privacy,[19] trespass,[20] and abuse of process.[21]

Plaintiff names (1) the City of Baton Rouge and East Baton Rouge Parish (referred to by Plaintiff as the "City/Parish"); (2) Melvin "Kip" Holden, former Mayor-President of the City/Parish, in his individual and official capacities; (3) Sheriff Gautreaux; (4) Carl Dabadie Jr., the Chief of the Baton Rouge Police Department ("BRPD"), in his individual and official capacities; (5) Col. Michael Edmonson, the former Superintendent of the Louisiana State Police ("LSP"), in his individual capacity only; (6) Sheriff Mike Cazes, the Southern District Coordinator of the Louisiana Sheriff's Association Emergency Task Force, in his individual capacity only; (7) Chuck Hurst, the Director of the Louisiana Sheriff's Association Task Force and Homeland Security services, in his individual capacity only; (8) the Louisiana Sheriff's Association ("LSA"); (9) Sheriff Ard; and (10) the alleged insurers of the LSA (AIX Group d/b/a NOVA Casualty Company), the LSP, City/Parish, and Livingston Parish Sheriff's Office ("LPSO").[22] In addition,

---

[14] R. Doc. 1, ¶¶ 419-425.

[15] R. Doc. 1, ¶¶ 426-428.

[16] R. Doc. 1, ¶¶ 429-435.

[17] R. Doc. 1, ¶¶ 436-445.

[18] R. Doc. 1, ¶¶ 446-453.

[19] R. Doc. 1, ¶¶ 454-458.

[20] R. Doc. 1, ¶¶ 459-463.

[21] R. Doc. 1, ¶¶ 464-470.

[22] R. Doc. 1, ¶¶ 17-27; 35-38. Additionally, Plaintiff sues the following additional "leadership defendants": Darron Leech, David Hamilton, Noel Salamoni, Bryan Taylor, Todd Martin, Gregory Dale Dicharry, and Murphy Paul. R. Doc. 1, ¶¶ 28-34.

Plaintiff names a number of individual officers employed by the BRPD,[23] EBRSO,[24] LSP,[25] and the LPSO.[26] Plaintiff sues the officers employed by the BRPD, EBRSO, and the LPSO in their individual and official capacities.[27] Plaintiff sues the officers employed by the LSP only in their individual capacities.[28]

On January 25, 2018, the EBRSO Defendants filed a Motion to Dismiss[29] and asserted that Sheriff Gautreaux and the Individual EBRSO Deputies are entitled to qualified immunity.[30] On February 2, 2018, the LPSO Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), arguing that that Plaintiff's Complaint was insufficient to overcome the LPSO Defendants' assertion of qualified immunity.[31] Plaintiff filed a combined opposition to both Motions to

---

[23] R. Doc. 1, ¶¶ 41-110; 113-148.

[24] R. Doc. 1, ¶¶ 154-199.

[25] R. Doc. 1, ¶¶ 237-289.

[26] R. Doc. 1, ¶¶ 205-234.

[27] R. Doc. 1, ¶¶ 111, 149, 199, 234.

[28] R. Doc. 1, ¶ 237.

[29] R. Doc. 62.

[30] R. Doc. 62-1, pp. 7-19. On the same day they filed the Motion to Dismiss, the EBRSO Defendants also filed their Motion to Stay Discovery. R. Doc. 64.

[31] R. Doc. 68-1, pp. 16-18. The LPSO Defendants filed their Motion to Stay Discovery on January 25, 2018. R. Doc. 65.

Dismiss,[32] and both Motions to Dismiss are pending.[33] Per their Motion to Stay Discovery, the EBRSO Defendants ask this court to "stay all discovery while Defendants' Motion to Dismiss is pending."[34] The LPSO Defendants originally alleged that "discovery must be stayed related to the claims against the LPSO defendants until their Motion to Dismiss Pursuant to Rule 12(b)(6) has been ruled upon by the Court."[35] In their Reply brief, the LPSO Defendants revise their request and ask the court to stay all discovery pending a ruling on both Motions to Dismiss.[36]

---

[32] R. Doc. 81. In opposition to the Motions to Dismiss, Plaintiff argues that "[t]he enormity of the invasion of Ms. Batiste-Swilley's property, and the methods used by Defendants to conceal their identities, should not be grounds for these law enforcement officers and their agencies to escape liability for violations of her constitutional rights." R. Doc. 81, p. 2. Plaintiff further asserts that "[n]otwithstanding the obstacles imposed by Defendants' deliberately secretive methods in breaking up the protests, Plaintiff pleaded, in a detailed manner, the factual basis for the claims of the Complaint, which survives review under Federal Rule of Civil Procedure 12(b)(6)." R. Doc. 81, p. 4. Although Plaintiff cites *Khansari* and *Hinojosa* (both discussed below) in opposition to the Motions to Dismiss, and asserts therein that "the Fifth Circuit and other federal courts affirmed the practice of limited discovery specifically targeted at identifying the specific defendants who took the actions complained of in plaintiff's complaints," R. Doc. 81, p. 21, the thrust of Plaintiff's opposition to the Motions to Dismiss is that the claims are adequately alleged in the Complaint. *See also*, R. Doc. 81, p. 56 ("To the degree that Plaintiff cannot at this time know precisely which of these defendants conducted which action as a result of their *en masse* invasion of her property, limited discovery is appropriate. But Plaintiff's claims should not be dismissed solely for this reason, as discussed more fully in her Opposition to these Defendants' Motion to Stay Discovery.")

[33] Additionally, Sheriff Mike Cazes, in his capacity as the Southern District Coordinator of the Louisiana Sheriff's Association Emergency Task Force; Chuck Hurst, in his capacity as the Director of the Louisiana Sheriff's Association Task Force and Homeland Security services; and the LSA (collectively, the "LSA Defendants") have filed a Motion for Summary Judgment seeking dismissal of all claims against them. R. Doc. 42. Therein, the LSA Defendants argue that summary judgment on Plaintiffs' conspiracy claims is proper and that the LSA Defendants should be entitled to qualified immunity on Plaintiffs' "claims of direct actions allegedly taken by the LSA Defendants…." R. Doc. 42-2, pp. 14-17. In opposition to the LSA Defendants' Motion for Summary Judgment, Plaintiff asserts she should be granted, in accordance with Federal Rule of Civil Procedure ("Rule") 56(d) "an opportunity for discovery…." R. Doc. 50, p. 1. With respect to the LSA Defendants' claim of qualified immunity, Plaintiff asserts that there is a genuine issue of material fact as to whether the LSA Defendants are government actors entitled to plead the defense, and that she "requires additional discovery to determine the extent and nature of LSA Defendants' collusion with law enforcement agencies." The LSA Defendants' Motion for Summary Judgment remains pending.

[34] R. Doc. 64, p. 2.

[35] R. Doc. 65-1, p. 2.

[36] R. Doc. 97, p. 10.

## II. Law and Analysis

### A. Stay as to the EBRSO and LPSO Defendants

"Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[37] "[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[38] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[39]

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[40] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[41] Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[42] "If the complaint alleges facts to

---

[37] *Randle v. Lockwood*, 666 Fed. Appx. 333, 335 (5th Cir. 2016) (internal citations omitted).

[38] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

[39] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[40] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[41] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos*, 834 F.2d at 507-508).

[42] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995). *See also*, *Baker v. Ephion*, Civil Action 15-838, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*); *Lee v. Ard*, Civil Action No. 17-23, 2017 WL 5349493, at * 7 (M.D. La. Nov.

overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[43]

Accordingly, Fifth Circuit precedent permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is only allowed if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted. Plaintiff acknowledges these general principles.[44]

The thrust of Plaintiff's opposition to a stay of discovery here is that she is unable, due to the conditions surrounding the actions which took place on her property, to identify the officers

---

13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).

[43] *Id*. at 995. *See also*, *Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (citing *Lion Boulos*, 834 F.2d at 507-508); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle*, 666 Fed. Appx. 336, n. 6 (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible" is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and second finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.).

[44] *See*, R. Doc. 83, pp. 2-3 ("When a defendant asserts qualified immunity, the court must determine whether 'the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.' *If* the court concludes that the plaintiff has met her burden, the court may *then* 'allow the discovery necessary to clarify those facts upon which the immunity defense turns.'") (emphasis added; internal citations omitted); p. 11 ("*if* this Court believes the Complaint is not sufficiently specific in alleging actions by each individual defendant, it should, as in *Khansari* and *Hinojosa*, defer ruling on the motions to dismiss and permit the Plaintiff to take limited discovery from the Defendants.") (emphasis added).

who actually engaged in the complained of conduct.[45] Plaintiff relies primarily on *Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015), and *Khansari v. City of Houston*, Civil Action No. H-13-2722, 14 F.Supp.3d 842 (S.D. Tex. April 9, 2014), for her position that discovery should not be stayed. However, as discussed below, both cases support the conclusion that while limited discovery may be appropriate at some juncture in these proceedings, such discovery should not occur *until* the District Judge has determined whether the allegations in Plaintiff's Complaint are sufficient to defeat qualified immunity *and* determined that limited discovery is necessary to rule on the defense.

In *Khansari*, plaintiffs asserted that individual officer defendants were liable to them pursuant to 42 U.S.C. § 1983 for infringing plaintiffs' rights under the Fourth Amendment either by using excessive force or failing to prevent the use of excessive force.[46] There, plaintiffs alleged that certain individual officers had responded to Mrs. Khansari's 911 call regarding her son's possible suicide attempt by pointing long guns at the family and using a taser on her son despite his compliance (resulting in one of the taser darts piercing her son's eye). Plaintiffs sued the officers who responded to the scene; however, plaintiffs did not know which particular officers took which particular actions. In considering defendants' motion to dismiss based on qualified immunity, the district judge *first* analyzed the actions of "the officers" and determined that the facts alleged were sufficient to overcome the defense of qualitied immunity for claims arising from

---

[45] *See*, R. Doc. 83, p. 3 ("the Fifth Circuit approves the granting of limited discovery prior to adjudication of a motion to dismiss raising qualified immunity, where the plaintiff alleges injury from the actions of multiple law enforcement officers but cannot, as of the filing of her complaint, identify the specific actions taken by any particular officer."); p. 7 ("The case presents similar facts to *Hinojosa*, *Khansari*, and the other cited authorities. Plaintiff faces a process in which law enforcement agencies have concealed the identities of those officers responsible for the actions on her property.").

[46] 14 F.Supp.3d at 851.

force used against Mrs. Khansari's son.[47] *After* finding the facts alleged to be sufficient, the court *then* considered whether limited discovery should be allowed.[48] The court explained that the allegations in the complaint were "not only sufficient to satisfy the requirements for pleading a claim for the excessive use of force against the officers who tasered him but, if true, are also sufficient to overcome those officers' assertions of qualified immunity."[49] Having found the allegations to be sufficient to defeat the claim of qualified immunity, the court explained that "[a]bsent further clarification of the facts to show which, if any, officers…deployed their tasers against Corey, or which, if any, of the other officers had an opportunity to prevent, but chose not to prevent, the use of excessive force…the court is not able to rule on the defendant officers' assertions of qualified immunity…."[50] The court concluded that "since…plaintiffs' pleadings are adequate to at least potentially state a claim, discovery may proceed on the limited issue of which of the individual officers tasered Corey and whether those officers are entitled to qualified immunity."[51]

Similarly, in *Hinojosa*, the Fifth Circuit affirmed the district court's order allowing limited discovery regarding the issue of qualified immunity *after* the court determined that the complaint alleged facts that "if true, would permit the inference that Defendants are liable under § 1983 for an Eighth Amendment violation and would overcome their qualified immunity defense."[52] In affirming the district court's order allowing limited discovery, the *Hinojosa* court explained that:

> [T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further

---

[47] *Id.* at 857-860.

[48] *Id.* at 860-864.

[49] *Id.* at 860.

[50] *Id.* at 861.

[51] *Id.*

[52] 807 F.3d at 664.

9

factual development is necessary to ascertain the availability of that defense. First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if "the court remains 'unable to rule on the immunity defense without further clarification of the facts."[53]

Here, unlike the situation in *Khansari* and *Hinojosa*, the District Judge has not yet determined the sufficiency of the allegations of Plaintiff's complaint. Until that necessary first step occurs, it is premature to consider allowing even limited discovery.[54] Accordingly, Fifth Circuit precedent, including that relied upon by Plaintiff, supports the issuance of a stay as to the EBRSO and LPSO Defendants pending either resolution of the Motions to Dismiss or a determination by the District Judge that the Motions to Dismiss cannot be ruled upon absent limited discovery.[55]

---

[53] *Id*. at 664.

[54] *See*, *Hinojosa*, 807 F.3d at 670 ("Having determined that the complaint's factual allegations, if true, would establish Defendants' liability for an Eighth Amendment violation and overcome a qualified immunity defense, we next ask whether further clarification of the facts was necessary for the district court to rule on the qualified immunity defense."). Plaintiff also relies on various cases outside this Circuit in Opposition to the Motions to Stay Discovery. These cases do not support Plaintiff's position that discovery should be allowed to proceed at this juncture. *See*, *Dubner v. City and County of San Francisco*, 266 F.3d 959 (9th Cir. 2001) (remanding following bench trial where plaintiff alleged that unidentified officers arrested her without probable cause); *Saunders v. Duke*, 766 F.3d 1262, 1268, n. 2 (11th Cir. 2014) (noting that where plaintiff was unsure of the identity of the officer who allegedly committed the Fourth Amendment violation, and "[b]ecause we conclude that Mr. Saunders sufficiently alleged that one of the three agents struck him in violation of his Fourth Amendment rights, and that all three agents were present at the time, Mr. Saunders can plead in the alternative and pursue discovery to uncover the identity of the agent who allegedly struck him."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (entering summary judgment in favor of defendants and noting in *dicta* that "[h]ad Colbert faced a motion to dismiss, where district courts take all well-pleaded allegations as true, his theory of the case that the four named officers were responsible for the alleged damage may have been sufficient.").

[55] As noted above, although the thrust of Plaintiff's opposition to the Motions to Dismiss is that the allegations set forth in the Complaint are sufficient, Plaintiff also cites *Hinojosa* and *Khansari* and contends that limited discovery may be warranted. *See*, R. Doc. 81, p. 60 ("Plaintiff has diligently attempted to determine the identities of the persons who violated her civil and constitutional rights, and has further diligently and conscientiously crafted her Complaint to encompass the multifaceted ways in which Defendants' conduct violated those rights. Discovery will disclose the actions each of the Defendants took in participating in the concerted action which resulted in the brazen invasion of Plaintiff's property.").

### B. Stay as to Other Defendants

Plaintiff contends that discovery from the non-moving parties (*i.e.*, the parties other than the EBRSO and LPSO Defendants) should not be stayed pending resolution of the Motions to Dismiss.[56] Plaintiff argues that "some defendants in this case are not entitled to qualified immunity under any circumstances" and that "[p]ermitting Plaintiff to conduct discovery against [the] City-Parish as well as the many defendants who have not filed motions to dismiss or motions to stay discovery will allow Plaintiff to continue to prosecute her case while the court weighs the significant issues inherent in the qualified immunity arguments raised by a comparatively small number of defendants."[57] In Reply, the EBRSO Defendants contend that while they "have no objection to the non-moving defendants and Plaintiff engaging in *written* discovery, [the EBRSO Defendants] object to the Plaintiff and non-moving defendants taking depositions in this case while [the EBRSO Defendants'] motion to dismiss is pending. [The EBRSO Defendants] would be compelled to participate in the depositions of the Plaintiff, non-moving defendants and/or fact witnesses if they are taken while their motion to dismiss asserting qualified immunity is pending, which would be contrary to the protections afforded public officials by qualified immunity."[58]

"[A] trial court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"[59] The Supreme Court has explained that

---

[56] R. Doc. 83, pp. 11-13.

[57] R. Doc. 83, pp. 12-13. Additionally, Plaintiff points out that she has filed an opposition to the LSA Defendants' Motion for Summary Judgment wherein she asserts, *inter alia*, that she needs additional discovery. R. Doc. 83, p. 12. Although the LSA Defendants have also plead the defense of qualified immunity, the undersigned does not find that the pending motion for summary judgment is relevant to the Motions to Dismiss filed by the EBRSO and LPSO Defendants or the accompanying Motions to Stay. The issue of whether Plaintiff is correct that certain discovery is necessary for her to adequately respond to the LSA Defendants' Motion for Summary Judgment is presently before the District Judge.

[58] R. Doc. 90, p. 6. In their Reply, the LPSO Defendants "adopt and incorporate by reference the arguments set forth…by the EBRSO defendants in their Reply" regarding the scope of the stay. R. Doc. 97, p. 9.

[59] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 18, 2017) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

"[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[60] "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."[61]

Here, although only the EBRSO and LPSO Defendants have moved to stay discovery, the undersigned finds that staying discovery as to all parties in this suit would "further[] [the EBRSO and LPSO Defendants'] interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense."[62] Especially in light of Plaintiff's allegations that all defendants participated in a civil conspiracy in violation of her civil rights and Plaintiff's contention that she needs additional discovery to determine which particular defendants took particular actions, the undersigned finds that the EBRSO and LPSO Defendants would feel compelled to participate in discovery efforts, such as depositions of other witnesses, prior to resolution of the Motions to

---

[60] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (KENNEDY, J., concurring in judgment)).

[61] *Id*. at 685-686. *See also*, *Wilson*, 2017 WL 4685002, at * 2 (staying discovery against all defendants because "staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.") (internal citation omitted).

[62] *Wilson*, 2017 WL 4685002, at * 2.

12

Dismiss. However, in light of the EBRSO Defendants assertion (and the LPSO Defendants' adoption) that they do not object to the non-moving defendants and Plaintiff engaging in written discovery, the court will allow such written discovery to proceed.

### III. Conclusion

For the reasons set forth herein, the Motion to Stay Discovery filed by the EBRSO Defendants[63] and the Motion to Stay Discovery filed by the LPSO Defendants[64] are **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO and LPSO Defendants), is **STAYED** pending resolution of the issues raised in the Motions to Dismiss.[65]

Signed in Baton Rouge, Louisiana, on May 14, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[63] R. Doc. 64.

[64] R. Doc. 65.

[65] R. Docs. 62 & 68.