UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA BATISTE-SWILLEY

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-443-JWD-EWD

## ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 12(b)(6)* (Doc. 68) by Livingston Parish Sheriff's Office ("LPSO") Defendants. Plaintiff opposes the motion (Doc. 81), and LPSO Defendants have filed a reply (Doc. 94). Oral argument was heard today. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For oral reasons to be assigned,

**IT IS ORDERED** that LPSO Defendants' motion is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that the claims asserted against Sheriff Ard in his individual capacity are **DISMISSED.** Plaintiff has failed to adequately allege personal participation by Ard in the underlying constitutional violations.

**IT IS FURTHER ORDERED** that, with respect to the claims against the Individual LPSO Deputies in their individual capacity, (a) Plaintiff's claim for a First Amendment violation is **DISMISSED**, as Plaintiff has failed to adequately plead that she was exercising her First Amendment Rights, (b) Plaintiff's Third Amendment claim is **DISMISSED** because the contours of the right were not clearly established such that every reasonable officer would know that (i) he would be considered a "soldier" under the circumstances, and (ii) an invasion of property for a few hours would constitute "quartering", and (c) (i) Plaintiff has stated a claim against the Individual

LPSO Deputies for unlawful entry onto her property in violation of the Fourth Amendment and for failing to intervene to prevent that invasion; (ii) no reasonable officer would find that the invasion on Plaintiff's property was lawful; but (iii) the Court cannot determine whether any Individual LPSO Deputies were responsible for the constitutional violations. As a result, the Court will allow limited written discovery on the narrow issue of which Individual LPSO Deputies (if any) were involved in the alleged constitutional violations. The Magistrate Judge will determine what limited discovery will be allowed for this issue.

**IT IS FURTHER OREDERED** that the claims against the Individual LPSO Deputies in their official capacity are **DISMISSED**. As Plaintiff conceded, these defendants are not final policymakers.

**IT IS FURTHER ORDERED** that, with respect to the claims against Sheriff Ard in his official capacity, the motion is **GRANTED IN PART** and **DEFERRED IN PART.** The motion is **GRANTED** in that (a) Plaintiff has failed to adequately plead a claim for a custom, for lack of prior incidents in sufficient number and kind; (b) Plaintiff has failed to state a claim for failure to train, supervise, and implement a policy, as Plaintiff has failed to adequately plead deliberate indifference through either a pattern of similar incidents or the narrow single incident exception; and (c) Plaintiff has failed to state a claim for ratification liability, as this case does not present the type of extreme situation in which ratification liability attaches. The motion is **DEFERRED** in that, while Plaintiff has adequately pled a single policy decision that may have been the moving force of constitutional violations and that was made with deliberate indifference, limited discovery is needed to determine if Plaintiff can plead an underlying constitutional violation by an LPSO Deputy, as outlined above.

**IT IS FURTHER ORDERED** that, with respect to the claims for a conspiracy under

§ 1983 and § 1985(3), the motion is **GRANTED IN PART** and **DEFERRED IN PART**. The motion is **GRANTED** in that the claims against the Individual LPSO Deputies for a conspiracy are **DISMISSED**; for these defendants, Plaintiff has alleged only parallel conduct without sufficient allegations of the time, place, and circumstances of any agreement. The motion is **DEFERRED** with respect to the conspiracy claims against Sheriff Ard; while Plaintiff has adequately alleged an agreement, the Court will defer ruling until limited discovery has been done as to any constitutional violation, as outlined above.

**IT IS FURTHER ORDERED** that, with respect to the state law claims, the motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. These claims largely mirror the federal claims. As to the state law conspiracy claims, the motion is **GRANTED** as to the Individual LPSO Deputies (for lack of a meeting of the minds) but **DENIED WITHOUT PREJUDICE** with respect to Ard, pending the limited discovery outlined above. As to the other alleged torts, the motion is **GRANTED** as to Ard in his individual capacity for lack of personal involvement but **DENIED WITH PREJUDICE** as to the Individual LPSO Deputies and as to Ard for the claims of vicarious liability. The sole exception to this is the abuse of process claim, which is **DISMISSED**.

**IT IS FURTHER ORDERED** that, to the extent the motion is granted, Plaintiff is given leave to amend her complaint to cure the deficiencies. Plaintiff must file her next amended complaint within thirty (30) days of the completion of the limited discovery set forth above.

Signed in Baton Rouge, Louisiana, on <u>September 6, 2018</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**